IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHERRI HARSHBARGER, AND
MARK TADLOCK

    Plaintiffs,

vs.

NO. 16-cv-783

ORIENTAL TRUCKING, LIHANG LIU,
AND AMTRUST NORTH AMERICA

    Defendant(s).

## COMPLAINT FOR PERSONAL INJURIES

COME NOW, Plaintiffs Sherri Harshbarger and Mark Tadlock by and through their attorneys, MARTINEZ, HART, THOMPSON & SANCHEZ, P.C. (F. Michael Hart) and for their Complaint against Defendants state:

## JURISDICTION AND VENUE

1. Plaintiff Sherri Harbarger is a resident of Pittsburg County, Oklahoma.

2. Plaintiff Mark Tadlock is a resident of Bradford County, Pennsylvania.

3. Upon information and belief, Defendant Lihang Liu is a resident of Los Angeles County, California.

4. Plaintiffs were operating a motor vehicle upon the highways of New Mexico, when the accident occurred.

5. Defendant Lihang Liu was operating a motor vehicle upon the highways of New Mexico, when the accident occurred.

6. Upon information and belief, Defendant Oriental Trucking is a business with its headquarters in Los Angeles County, California.

7. The actions of Defendants Oriental Trucking, and Lihang Liu, which are the subject of this lawsuit, all occurred within the state of New Mexico, County of Luna, while Defendant Lihang Liu was operating a Commercial Motor Vehicle within the State.

8. Upon information and belief, AmTrust North America provided liability insurance coverage for the vehicle Lihang Liu was operating at all times material to this lawsuit, and as the liability insurer for the negligent driver is a proper party to this action

9. The amount in controversy exceeds seventy-five thousand dollars.

10. All parties to the lawsuit have diversity of citizenship.

11. Jurisdiction and venue are proper with this Court pursuant to 28 U.S.C. § 1332(a)(1).

## GENERAL ALLEGATIONS

12. Plaintiffs incorporate each and every allegation above as though the same were set out herein.

13. On or about December 8, 2015, Lihang Liu was traveling westbound on Interstate 10 near milepost 95.

14. On or about December 8, 2015, Lihang Liu was operating/driving a commercial freight truck for Defendant Oriental Trucking.

15. On or about December 8, 2015, Plaintiff Sherri Harshbarger was operating/driving a commercial freight truck for Garrison Trucking.

16. On or about December 8, 2015, Plaintiff Sherri Harshbarger was traveling eastbound on Interstate 10 near milepost 95.

17. On or about December 8, 2015, Plaintiff Mark Tadlock was a passenger in the commercial freight truck driven by Plaintiff Sherri Harshbarger.

18. Defendant Lihang Liu, was traveling westbound on Interstate 10 near milepost 95 when his driver side axle assembly became disengaged/separated from his truck and bounced across the road over the median and slammed into the truck operated by Plaintiff Sherri Harshbarger.

19. The impact of Defendant Lihang Liu's axle assembly into the truck Plaintiff Harshbarger was operating caused the vehicle Plaintiff Harshbarger was driving to crash.

## COUNT I
## DUTY OF ORDINARY CARE

20. Plaintiffs incorporates each and every allegation above as though the same were set out herein.

21. The actions of Defendant Lihang Liu in operating and maintaining his vehicle was negligent.

22. Defendant Lihang Liu had a duty of ordinary care to Plaintiffs to operate and maintain his vehicle in a reasonably safe manner.

23. Defendant Lihang Liu breached his duty to Plaintiffs Sherri Harshbarger and Mark Tadlock by failing to maintain the equipment on his truck is proper working condition.

24. Upon information and belief, the axle assemble that became disengaged and separated from Defendant Lihang Liu's vehicle failed because Defendants failed to properly maintain, inspect or repair the parts.

25. Defendant Lihang Liu breached his duty to Plaintiffs Sherri Harshbarger and Mark Tadlock by failing to ensure that his equipment was safe for the road.

26. As a direct and proximate result of the negligence of Defendant Lihang Liu, Plaintiffs Sherri Harshbarger and Mark Tadlock were injured.

27.     Defendant AmTrust North America is liable for damages caused by Defendant Lihang Liu, which are covered by the relevant insurance policy.

## COUNT II
## NEGLIGENCE *PER SE*

28.     Plaintiffs incorporate each and every allegation above as though the same were set out herein.

29.     The actions of Defendant Lihang Liu in failing to give his full time and entire attention to the operation and maintenance of his vehicle; in maintaining his vehicle in an inattentive or imprudent manner without due regard for his vehicles safety on the roadway; and in failing to maintain his equipment as required by the New Mexico Motor Vehicle Code was negligent *per se*.

30.     As a direct and proximate result of the negligence *per se* by Defendant Lihang Liu, Plaintiffs were injured.

31.     Defendant JTC Insurance Co. is liable for damages caused by Defendant Lihang Liu, which are covered by the relevant insurance policy.

## COUNT III
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

32.     Plaintiffs incorporate each and every allegation above as though the same were set out herein.

33.     At all times relevant to this Complaint Defendant Lihang Liu was an employee/agent of Defendant Oriental Trucking.

34.     Upon information and belief Defendant Lihang Liu was in the course and scope of his employment duties when his negligence caused harm to the Plaintiffs on December 8, 2015.

35. Upon Information and belief Defendant Lihang Liu was a truck driver for Defendant Oriental Trucking.

36. Defendant Lihang Liu caused serious injuries to Plaintiffs Sherri Harshbarger and Mark Tadlock while operating a vehicle for Defendant Oriental Trucking.

37. As a direct and proximate result of Defendant Oriental Trucking's negligence in allowing Defendant Lihang Liu to operate and maintain the Commercial Freight Truck, Plaintiffs were injured.

38. In addition, as a separate basis for liability, Defendant Oriental Trucking is liable for all harms and damages caused by its employee Lihang Liu under the doctrine of *Respondeat Superior*.

## DAMAGES

39. Plaintiffs incorporate each and every allegation above as though the same were set out herein.

40. As a direct and proximate result of the negligence of Defendants, Plaintiffs suffered injuries which have resulted in medical expenses, pain and suffering, temporary and possible permanent physical impairment, non-medical expenses and other damages.

**WHEREFORE**, Plaintiffs request that this Court enter judgment against the Defendants in an amount sufficient to compensate Plaintiffs for their damages, for prejudgment and post-judgment interest as provided by law, for costs of this action, and for such other and further relief as the Court deems just and proper.

Plaintiffs demand a jury trial on all issues.

Respectfully Submitted,

**MARTINEZ, HART, THOMPSON & SANCHEZ, P.C.**

*Electronically filed*
*/s/ F. Michael Hart*
F. Michael Hart
1801 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 343-1776
(505) 344-7709 facsimile
mikeh@osolawfirm.com

***Attorneys for Plaintiff***